IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FILED
SEP 30 2010
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) ) |
| v. | ) ) |
| INDIANA HEALTH CENTERS, INC., | ) JURY TRIAL DEMAND ) 3:10CV-412 PS ) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Cara Oakley, who has been adversely affected by such practices. The Commission alleges that Defendant terminated Cara Oakley, a dental hygienist, because she was female and pregnant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, South Bend Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Indiana Health Centers, Inc., an Indiana corporation, has continuously been doing business in the State of Indiana and the City of South Bend, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Indiana Health Centers, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Cara Oakley filed a charge with the Commission alleging violations of Title VII by Defendant Indiana Health Centers, Inc. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about December 11, 2009, Defendant Employer engaged in unlawful employment practices at its South Bend Indiana dental clinic, in violation of Section 703(a)(1) and 701(k) of Title VII, 42 U.S.C. § 2000e-2(a)(1), 2000e(k), when Cara Oakley's supervisor terminated her shortly after learning she was pregnant.

8. The effect of the practices complained of in paragraph seven above has been to deprive Cara Oakley, who was terminated because she was female and pregnant, of equal employment opportunities, and otherwise adversely affected her status as an employee because of her sex.

9. The unlawful employment practice complained of in paragraph seven above was intentional.

10. The unlawful employment practice complained of in paragraph seven above was done with malice and with reckless indifference to the federally protected rights of Cara Oakley who was terminated because she was female and pregnant.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex, and from discriminating or retaliating against employees for making complaints opposing sex discrimination.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for workers regardless of sex, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Cara Oakley, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the payment of front pay to Cara Oakley, and compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including but not limited to out of pocket expenses, plus prejudgment interest, in amounts to be determined at trial.

D. Order Defendant Employer to make whole Cara Oakley, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment

practices described in paragraph seven above, including but not limited to physical and emotional pain and suffering, mental anguish, loss of enjoyment of life, humiliation, embarrassment, and inconvenience, in amounts to be determined at trial.

E. Order Defendant Employer to pay Cara Oakley punitive damages for its malicious and reckless conduct described in paragraph seven above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

LAURIE A. YOUNG, #11480-49
Regional Attorney

MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

ROBIN M. LYBOLT
Trial Attorney, #20999-30
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN 46204
(317) 226-5049
Fax: (317) 226-5571
robin.lybolt@eeoc.gov